IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHARYL THOMPSON ATTKISSON, et al., | * | |
| | * | |
| Plaintiffs, | | |
| | * | Civil Action No. RDB-20-0068 |
| v. | | |
| | * | |
| SHAUN WESLEY BRIDGES, et al., | | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On January 10, 2020, Plaintiffs Sharyl Thompson Attkisson, James Howard Attkisson, and Sarah Judith Starr Attkisson (collectively "Plaintiffs" or the "Attkissons") filed this suit against Defendants Rod Rosenstein[1], Shawn Henry, Shaun Wesley Bridges, Robert Clarke, Ryan White, and Unknown Named Agents 1-50 of the Department of Justice, in their individual capacities. (*See* ECF No. 1.) By Memorandum Opinion and Order dated March 16, 2021, this Court GRANTED Defendants Rosenstein and Henry's Motion to Dismiss. (ECF No. 31.) The now operative Second Amended Complaint asserts two claims against Defendants Bridges, White, and Unknown Federal Agents.[2] (*See* ECF No. 35.) Count 1 seeks compensatory and punitive damages under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) for alleged violations of the

---

[1] Defendant Rod Rosenstein is the former United States Attorney for the District of Maryland. (ECF No. 15 ¶ 12.)

[2] Plaintiffs did not name Robert Clarke as a Defendant in the Second Amended Complaint.

Fourth Amendment to the United States Constitution.  (*Id.*)  Count 2 alleges violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511.  (*Id.*)

Presently pending are Plaintiffs' Motion for Default Judgment as to Defendants White and Bridges (ECF No. 37) and Motion for Clerk's Entry of Default as to Defendants White and Bridges (ECF No. 39).  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2021).  For the reasons that follow, Plaintiff's Motion for Clerk's Entry of Default (ECF No. 39) is GRANTED as to Defendant White and DENIED as to Defendant Bridges. Plaintiffs' Motion for Default Judgment (ECF No. 37) is DENIED as to Defendant Bridges and DENIED WITHOUT PREJUDICE as to Defendant White.

## BACKGROUND

This Court summarized Plaintiffs' factual allegations in its Memorandum Opinion of March 16, 2021. (ECF No. 31.) In short, Plaintiff Sharyl Attkisson worked as an investigative reporter for CBS News.  (ECF No. 35 ¶ 10.)  Plaintiff James Attkisson is Sharyl's husband, and Plaintiff Sarah Attkisson is James and Sharyl's daughter.  (*Id.* ¶¶ 2, 3, 31.)  Defendant Shaun Wesley Bridges ("Bridges") was a resident and citizen of Virginia who served as a Special Agent with the U.S. Secret Service for six years operating out of the Baltimore, Maryland field office.[3]  (*Id.* ¶¶ 4.)  Between 2012 and 2014, he was allegedly assigned to the Baltimore Silk Road Task Force, a multi-agency group investigating illegal activity on the Silk Road, a covert online marketplace for illicit goods, including drugs.  (*Id.* ¶ 65.) Defendant

---

[3] At the time Plaintiffs filed their Second Amended Complaint, Bridges was incarcerated in Nashville, Tennessee. (ECF No. 35 ¶ 4.) *See also United States v. Bridges*, Case No. 3:15-cr-319-RS (N.D. Cal. Dec. 7. 2015); *United States v. Bridges*, Case No. 3:17-cr-448-RS (N.D. Cal. Nov. 9, 2017) (imposing sentences of 71 months and 24 months consecutive for money laundering and obstruction of justice).

Ryan White ("White") is also a convicted felon[4] and a resident and citizen of Maryland who allegedly worked as an undercover informant to the FBI, U.S. Secret Service, Drug Enforcement Administration, and the Bureau of Alcohol Tobacco and Firearms. (*Id.* ¶¶ 64.)

According to the Attkissons, Sharyl was responsible for investigating, writing, and publishing news stories on a federal drug-trafficking investigation that came to be known as "Fast and Furious," as well as the attack of the American diplomatic mission in Benghazi, Libya. (*Id.* ¶ 11.) The Attkissons allege that following the airing of Sharyl's "Fast and Furious" report on CBS, government officials began actively seeking to identify government insiders who were "leaking" information to Sharyl and CBS by conducting home computer and telephone surveillance of the Attkisson family. (*Id.* ¶¶ 28-29.) The Attkissons litigated claims related to these same allegations in the United States District Court for the Eastern District of Virginia and on appeal to the United States Court of Appeals for the Fourth Circuit. *See Attkisson v. Holder*, No. 1:17-cv-00364 (E.D. Va. May 15, 2018); *Attkisson v. Holder*, 925 F.3d 606 (4th Cir. 2019) (affirming dismissal of all of the Attkissons' claims).

On January 10, 2020, the Attkissons filed suit in this Court alleging violations of the Fourth Amendment to the United States Constitution pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (Count 1) and violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511 (Count 2). On April 5, 2021, the Attkissons filed their Second Amended Complaint against Defendants White, Bridges, and Unknown Federal Agents. (ECF No. 35.) On August 16, 2021, the

---

[4] See Judgment, *United States v. Ryan Dark White*, Crim No. 16-172-JKB (D. Md. July 28, 2016) (imposing a sentence of 27 months in prison on one count of health care fraud in violation of 18 U.S.C. § 1347); *see also* ECF No. 58-4.

3

Attkissons filed their Motion for Default Judgment as to Defendants White and Bridges. (ECF No. 37.) On August 23, 2021, the Attkissons filed their Motion for Clerk's Entry of Default as to Defendants White and Bridges. (ECF No. 39.)

**ANALYSIS**

Under Rule 55 of the Federal Rules of Civil Procedure, the entry of a default judgment is a two-step process. Rule 55(a) governs the initial step—the entry of default by the clerk of the court—which occurs "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." "Although this rule refers to entry of default by the clerk, it is well-established that a default also may be entered by the court." *Mut. of Am. Life Ins. Co. v. Smith*, Civil Action No. DKC 16-1125, 2018 U.S. Dist. LEXIS 108858, at *5 (D. Md. June 29, 2018) (internal citation omitted).

The second step—default judgment—is entered by the court. *See* Rule 55(b). However, "[a] defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Although courts maintain "a strong policy that cases be decided on the merits," *United States v. Schafer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), a court may exercise its discretion in granting default judgment when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). "A court is empowered to enter a default judgment against a defendant who fails to defend its case." *Flynn v. Williams Masonry*, 233 F.R.D. 176, 177 (D.D.C. 2005).

4

Rule 55 of the Federal Rules of Civil Procedure further provides that if, after entry of default, a plaintiff's complaint does not specify a claim for a "a sum certain or a sum that can be made certain by computation," the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2). *See* Fed. R. Civ. P. 55(b)(1). Rule 55(b)(2) permits the court to conduct hearings or make referrals ". . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." *See, e.g., Robinson v. Empire Equity Grp., Inc.*, No. 1:9-CV-01603- WDQ, 2014 U.S. Dist. LEXIS 175945, at *8-9 (D. Md. Dec. 22, 2014) (Coulson, M.J.).

Defendant Bridges has not failed to defend his case. The record reflects that he filed a *pro se* Motion for Extension of Time to respond to the Second Amended Complaint on August 26, 2021. (ECF No. 40.) That Motion was Granted on August 30, 2021. (ECF No. 41.) Defendant Bridges filed a further *pro se* Motion for Extension of Time on September 20, 2021. (ECF No. 45.) On September 27, 2021, Defendant Bridges filed a *pro se* Answer to the Second Amended Complaint. (ECF No. 48.) Subsequently, the Department of Justice Authorized counsel from the law firm of Schertler Onorato & Mead to represent Defendant Bridges. (ECF No. 56 at 2.) Through counsel, Defendant Bridges has filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 58.)[5] Plaintiffs' Motion for Default Judgment (ECF No. 37) and Motion for Clerk's Entry of Default (ECF No. 39) as to Defendant Bridges are DENIED.

---

[5] This Motion has now been fully briefed and became ripe on December 17, 2021. It will be addressed by this Court in due course now that briefing has been completed.

5

*Pro se* Defendant, White, on the other hand, has failed to respond to the Second Amended Complaint. Defendant White did participate in earlier phases of this case. He filed a *pro se* Motion to Dismiss Plaintiffs' Original Complaint and argued that Plaintiffs had failed to serve him properly. (ECF No. 8.) He also submitted to The Office of the Clerk of this Court a letter to be filed under seal containing his mailing address. (ECF No. 9 *SEALED*.) Defendant White explained that he has "received numerous threats" and does not "want anyone knocking on [his] door." (*Id.*) Defendant White later sent this Court a letter stating that he no longer wished for the case to be dismissed. (ECF No. 27.) He then filed under seal an updated mailing address. (ECF No. 30 *SEALED.) The Office of the Clerk of this Court has mailed Defendant White copies of the pleadings in this case, including the Second Amended Complaint, to the addresses he filed under seal with this Court.

Despite his earlier participation in the case, Defendant White has not responded to the Second Amended Complaint or the motions pending against him. Plaintiffs have been unable effect service of the Second Amended Complaint on Defendant White even after attempting to serve him at two of his last known addresses. (ECF No. 63.) Plaintiffs have requested that this Court permit them to serve Defendant White by method of publication in a Baltimore County newspaper. (ECF No. 63 ¶ 5.) Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served "pursuant to the law of the state in which the district court is located." Maryland Rule 2-121(c) provides that, when presented with an affidavit stating that good faith efforts have been made to serve the defendant, "the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." To pass constitutional muster, such notice "is

that which is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Asss'n*, 94 F.3d 914, 920-21 (4th Cir. 1996) (quoting *Mullane v. Cent. HanoverBank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L.Ed. 865 (1950)). Plaintiffs have provided this Court with the requisite affidavit and documentation of attempts to serve Defendant White. This Court is satisfied that Defendant White has already received adequate notice of this case because he has already participated in it and because the Clerk of this Court has mailed him copies of the pleadings to the address he filed with this Court, which have not been returned as undeliverable. Accordingly, Plaintiffs' Motion for Clerk's Entry of Default (ECF No. 39) as to Defendant White is GRANTED and Plaintiffs' Motion for Alternative Service as to Defendant White (ECF No. 63) is MOOT.

Plaintiffs' Motion for Default Judgment as to Defendant White is premature. Plaintiffs are seeking to hold Defendants jointly and severally liable for compensatory and punitive damages. (ECF No. 35 at 24.) It is well established that "when an action is brought against several defendants, charging them with joint liability," judgment cannot be entered against a defendant "until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Westfield Ins. Co. v. Site Maint., Inc.*, No. CIV. PWG-12-3145, 2013 U.S. Dist. LEXIS 129436, 2013 WL 5164209, at *1 (D. Md. Sept. 11, 2013). Plaintiffs have also not alleged *any* amount of damages to enable this Court to decide the Motion under Rule 55(b). Accordingly, Plaintiffs' Motion for Default Judgment as to Defendant White is DENIED WITHOUT PREJUDICE pending both (1) conclusion of this action as

7

to the non-defaulting Defendant Bridges and (2) clarification by Plaintiffs as to the specific amount of damages sought at such time as this Court shall direct.

## CONCLUSION

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 21st day of December 2021, that:

1. Plaintiffs' Motion for Clerk's Entry of Default (ECF No. 39) is DENIED as to Defendant Bridges and GRANTED as to Defendant White;

2. Plaintiffs' Motion for Default Judgment (ECF No. 37) is DENIED as to Defendant Bridges and DENIED WITHOUT PREJUDICE as to Defendant White;

3. Plaintiffs' Motion for Alternative Service as to Defendant White (ECF No. 63) is MOOT;

4. The Clerk of this Court is directed to ENTER Defendant White's default; and

5. The Clerk of this Court shall transmit a copy of this Memorandum Order to counsel of record and to *pro se* Defendant White at his last known address.

_____/s/_____
Richard D. Bennett
United States District Judge