## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SHARYL THOMPSON ATTKISSON,** *et al.,* | * | |
| | * | |
| **Plaintiffs,** | * | **Civil Action No. RDB-20-0068** |
| | * | |
| **v.** | * | |
| | * | |
| **SHAUN WESLEY BRIDGES,** *et al.,* | * | |
| | * | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MEMORANDUM OPINION</u>

On January 10, 2020, Plaintiffs Sharyl Thompson Attkisson, James Howard Attkisson, and Sarah Judith Starr Attkisson (collectively "Plaintiffs" or the "Attkissons") filed this suit against Defendants Rod Rosenstein[1], Shawn Henry, Shaun Wesley Bridges, Robert Clarke, Ryan White, and Unknown Named Agents 1-50 of the Department of Justice, in their individual capacities.  (*See* ECF No. 1.)  By Memorandum Opinion and Order dated March 16, 2021, this Court GRANTED Defendants Rosenstein and Henry's Motion to Dismiss. (ECF No. 31.) The now operative Second Amended Complaint asserts two claims against Defendants Bridges, White, and Unknown Federal Agents.[2]  (*See* ECF No. 35.)  Count 1 seeks compensatory and punitive damages under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged violations of the

---

[1] Defendant Rod Rosenstein is the former United States Attorney for the District of Maryland. (ECF No. 15 ¶ 12.)

[2] Plaintiffs did not name Robert Clarke as a Defendant in the Second Amended Complaint.

Fourth Amendment to the United States Constitution.  (*Id.*)  Count 2 alleges violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2511 and 2520.  (*Id.*)

Presently pending is Defendant Bridges' Moton to Dismiss for Failure to State a Claim. (ECF No. 58.) Plaintiffs have opposed the Motion. (ECF No. 64.)  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2021).  For the reasons that follow, Defendant Bridges' Motion to Dismiss for Failure to State a Claim (ECF No. 58), construed as a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), is GRANTED IN PART AND DENIED IN PART. Specifically, the Motion is GRANTED as to Count 1 and DENIED as to Count 2.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). This Court summarized many of Plaintiffs' factual allegations in its Memorandum Opinion of March 16, 2021. (ECF No. 31.) In short, Plaintiff Sharyl Attkisson worked as an investigative reporter for CBS News.  (ECF No. 35 ¶ 10.)  Plaintiff James Attkisson is Sharyl's husband, and Plaintiff Sarah Attkisson is James and Sharyl's daughter.  (*Id.* ¶¶ 2, 3, 31.)  Defendant Shaun Wesley Bridges ("Bridges") was a resident and citizen of Virginia who served as a Special Agent with the U.S. Secret Service for six years operating out of the Baltimore, Maryland field office.[3]  (*Id.* ¶¶ 4.)

---

[3] At the time Plaintiffs filed their Second Amended Complaint, Bridges was incarcerated in Nashville, Tennessee. (ECF No. 35 ¶ 4.) *See also United States v. Bridges*, Case No. 3:15-cr-319-RS (N.D. Cal. Dec. 7. 2015); *United States v. Bridges*, Case No. 3:17-cr-448-RS (N.D. Cal. Nov. 9, 2017) (imposing sentences of 71 months and 24 months consecutive for money laundering and obstruction of justice).

Between 2012 and 2014, he was allegedly assigned to the Baltimore Silk Road Task Force, a multi-agency group investigating illegal activity on the Silk Road, a covert online marketplace for illicit goods, including drugs.  (*Id.* ¶ 65.) Defendant Ryan White ("White") is also a convicted felon[4] and a resident and citizen of Maryland who allegedly worked as an undercover informant to the FBI, U.S. Secret Service, Drug Enforcement Administration, and the Bureau of Alcohol Tobacco and Firearms.  (*Id.* ¶¶ 64.)

According to the Attkissons, Sharyl was responsible for investigating, writing, and publishing news stories on a federal drug-trafficking investigation that came to be known as "Fast and Furious," as well as the attack of the American diplomatic mission in Benghazi, Libya.  (*Id.* ¶ 11.)  The Attkissons allege that following the airing of Sharyl's "Fast and Furious" report on CBS, government officials began actively seeking to identify government insiders who were "leaking" information to Sharyl and CBS by conducting home computer and telephone surveillance of the Attkisson family.  (*Id.* ¶¶ 28-29.) Specifically, the Attkissons claim that Defendant White has come forward and revealed that he personally participated in illegal surveillance activity directed at them. (*Id.* ¶ 63.) The Attkissons also claim that Defendant White revealed that his work out of Baltimore included work with Bridges and others to use government resources to surveil the Attkissons. (*Id.* ¶ 66.) The Attkissons allege that Defendant Bridges used software programs to conduct the surveillance of the Attkissons' devices. (*Id.* ¶ 68.) The Attkissons also allege that Defendant White reported that

---

[4] See Judgment, *United States v. Ryan Dark White*, Crim No. 16-172-JKB (D. Md. July 28, 2016) (imposing a sentence of 27 months in prison on one count of health care fraud in violation of 18 U.S.C. § 1347); *see also* ECF No. 58-4.

he was personally present with Defendant Bridges when they were accessing the Attkissons' computers. (*Id.* ¶ 70.)

The Attkissons litigated claims related to these same allegations in the United States District Court for the Eastern District of Virginia and on appeal to the United States Court of Appeals for the Fourth Circuit. *See Attkisson v. Holder*, No. 1:17-cv-00364 (E.D. Va. May 15, 2018); *Attkisson v. Holder*, 925 F.3d 606 (4th Cir. 2019) (affirming dismissal of all of the Attkissons' claims against former United States Attorney General Eric Holder and former United States Postmaster General Patrick Donahoe).[5]

On January 10, 2020, the Attkissons filed suit in this Court alleging violations of the Fourth Amendment to the United States Constitution pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (Count 1) and violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511 (Count 2). On September 27, 2021, Bridges filed a *pro se* Answer to the Second Amended Complaint. (ECF No. 48.) On October 29, 2021, counsel retained by the Department of Justice to represent Bridges entered an appearance on his behalf. (ECF No. 51.) On November 12, 2021, Bridges, through counsel, filed the presently pending Motion to Dismiss. (ECF No. 58.)

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to

---

[5] Defendants Bridges and White were not named in that lawsuit.

test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen,* 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal,* 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Id.* at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Cos.,* 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only

5

*allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)). In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal,* 556 U.S. at 664.

## ANALYSIS

## I.   **Plaintiffs' Procedural Argument**

Plaintiffs contend that Defendant Bridges has waived his opportunity to file a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Plaintiffs argue that Defendant Bridges is barred from submitting his Motion to Dismiss at this stage because he has already filed a *pro se* Answer to Plaintiffs' Second Amended Complaint. (ECF No. 64 at 6-8; Answer, ECF No. 48.) Rule 12(b) requires that a motion asserting the defense of failure to state a claim or lack of subject matter jurisdiction "be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Exceptions to this rule, however, fall under Rule 12(h)(2). In particular, Rule 12(h)(2)(B) allows a defendant to bring a motion to dismiss for failure to state a claim or for lack of subject matter jurisdiction "by a motion under Rule 12(c)." Rule 12(c) states that a motion for the judgment on the pleadings may be brought after the pleadings are closed, but early enough so as to not delay trial. *See* Fed. R. Civ. P. 12(c); *see also Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999) (stating that a defendant's untimely motion to dismiss pursuant to Rule 12(b)(6) may be viewed as a Rule 12(c) motion). A court ruling on a Rule 12(c) motion applies the same standard as when deciding a Rule 12(b)(6) motion. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 375 (4th Cir. 2012); *Burbach Broad. Co. of Del.*, 278 F.3d at 405-06.

This Court concludes that it may construe Defendant Bridges' Motion to Dismiss as a motion made pursuant to Rule 12(c). *See Edwards,* 178 F.3d at 243. Plaintiffs do not proffer that Defendant Bridges' Motion has been made so late as to delay the start of a trial. *See, e.g., Reynolds Assoc. v. Kemp,* 974 F.2d 1331 (4th Cir. 1992) (unpublished table opinion) (finding that a district court's consideration of a Rule 12(c) motion two weeks before trial was within "the sound discretion of the judge"). Indeed, this Court granted Plaintiffs and Defendant Bridges' consent motion to stay all deadlines in this case pending resolution of Defendant Bridges' Motion to Dismiss. (ECF No. 62.) Furthermore, this Court has the discretion to permit Defendant Bridges' Rule 12(c) motion even though Defendant White has not yet answered the Second Amended Complaint.[6] *See Language v. MCM 8201 Corp., LLC*, No. PWG 20-cv-1755, 2021 U.S. Dist. LEXIS 34541, at *16 n.5 (D. Md. Feb. 23, 2021) (collecting cases). Accordingly, this Court rejects Plaintiffs' waiver argument and construes Defendant Bridges' Motion to Dismiss as a Motion for Judgment on the Pleadings under Rule 12(c).

## II.   *Bivens* **Claim (Count 1)**

In Count 1 of the Second Amended Complaint, Plaintiffs allege that Defendant Bridges violated their Fourth Amendment rights by unlawfully surveilling them through their electronic devices.  (ECF No. 35 ¶¶ 91-97.)  They seek damages for that alleged injury pursuant to the United States Supreme Court's decision in *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  (*Id.*)  In *Bivens*, the Supreme Court

---

[6] By Memorandum Order dated December 21, 2021, this Court directed the Office of the Clerk of this Court to enter Defendant White's default. (ECF No. 66.) On December 22, 2021, the Clerk of this Court entered Defendant White's default. (ECF No. 67.)

recognized an implied cause of action for damages against federal officers alleged to have violated a citizen's rights under the Constitution.  403 U.S. at 396-97.  The Supreme Court's opinion specifically authorized the recovery of damages in a situation involving an unlawful search and arrest in the plaintiff's home.  *Id.* at 389.  Under *Bivens*, a plaintiff alleging violations of his constitutional rights may seek compensatory damages from federal officials in their individual capacities.  *Id.*

As discussed above, this case is not Plaintiffs' first attempt to secure legal redress for the alleged unlawful surveillance of their electronic devices.  In 2014, the Plaintiffs brought suit against several named and unnamed government officials, including former Attorney General Eric Holder and former Postmaster General Patrick Donahoe.  *See Attkisson v. Holder*, 925 F.3d 606 (4th Cir. 2019).  In the Consolidated Complaint in that suit, the Attkissons alleged that Holder, Donahoe, and the other unnamed agents violated their Fourth Amendment rights by unlawfully surveilling them through their electronic devices. *Id.* at 620.  They sought damages for that alleged injury pursuant to *Bivens*, 403 U.S. at 395. Holder and Donahoe moved to dismiss that claim, arguing, in part, that *Bivens* should not be extended to the new context presented in Plaintiffs' case.  *See Attkisson*, 2017 WL 5013230, at *5.  Judge Brinkema of the United States District Court for the Eastern District of Virginia ultimately dismissed the *Bivens* claim against both Holder and Donahoe on those grounds. *Id.* at *8. The United States Court of Appeals for the Fourth Circuit affirmed the dismissal of Plaintiffs' *Bivens* claim. *Attkisson v. Holder*, 925 F.3d 606, 622 (4th Cir. 2019).

Defendant Bridges argues that Plaintiffs' Bivens claim is barred by the doctrine of collateral estoppel. Plaintiffs argue that the claim is not barred because a claim against

Defendant Bridges presents a different factual context from the claims against Holder and Donahoe. "'Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.'" *Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). A party seeking to invoke collateral estoppel must establish five elements: "(1) that 'the issue sought to be precluded is identical to one previously litigated' (element one); (2) that the issue was actually determined in the prior proceeding (element two); (3) that the issue's determination was 'a critical and necessary part of the decision in the prior proceeding' (element three); (4) that the prior judgment is final and valid (element four); and (5) that the party against whom collateral estoppel is asserted 'had a full and fair opportunity to litigate the issue in the previous forum' (element five)." *Id.* (quoting *Sedlack v. Braswell Servs. Group Inc.*, 134 F.3d 219, 224 (4th Cir. 1998)).

All of these factors are met in this case. First, the issues are identical. The gravamen of the Plaintiffs' claim under Count 1 is that Plaintiffs have a right to recover damages against Defendant Bridges in his individual capacity under *Bivens* based on unlawful electronic surveillance. (ECF No. 35 ¶¶ 91-97.) However, the Fourth Circuit in *Attkisson* determined that where Plaintiffs claim violation a of their Fourth Amendment rights on the basis of unlawful electronic surveillance, such circumstances present a new *Bivens* context. 925 F.3d at 621-22. The Fourth Circuit refused to create the remedy Plaintiffs requested. *Id.* Plaintiffs argue that the Fourth Circuit's analysis rested on the fact that Holder and Donahoe were high-ranking officials who "held much higher ranks than the line-level FBI agents sued

in *Bivens*." 925 F.3d at 621. While it is true that Bridges is alleged to have served as a line Special Agent with the United States Secret Service and not as a high-ranking supervisor (ECF No. 35 ¶ 4), the Fourth Circuit's analysis of Plaintiffs' Bivens claim did not end there. The Fourth Circuit concluded that "a claim based on unlawful electronic surveillance presents wildly different facts and a vastly different statutory framework from a warrantless search and arrest." 925 F.3d at 621.

Even if Plaintiffs *Bivens* claim against Defendant Bridges were not barred by the doctrine of collateral estoppel, Plaintiffs still do not state a claim against him under the *Bivens* doctrine. As the Fourth Circuit recently explained in *Earle v. Shreves*, "[i]n the years since *Bivens* was decided . . . the Supreme Court's approach to implied damage remedies has changed dramatically, to the point that 'expanding the *Bivens* remedy is now a disfavored judicial activity.'" 990 F.3d 774, 778 (4th Cir. 2021) (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)). The Supreme Court's decision in *Abbasi* narrowed the circumstances in which a plaintiff may successfully state a claim under the principles established in *Bivens*. 137 S. Ct. at 1857-58. Under *Abbasi*, to determine whether a *Bivens* remedy exists, a court must ask (1) whether the claim "presents a new *Bivens* context," and (2) if it does, whether any "special factors counsel[ ] hesitation" in recognizing a new remedy "in the absence of affirmative action by Congress." *Id.* at 1857-59. In *Attkisson*, Fourth Circuit held that Plaintiffs' claim "assuredly" presented a "new *Bivens* context." 925 F.3d at 621 The Court then turned to an analysis of the "special factors" identified in *Abbasi* and found that several of those factors "counsel[ed] hesitation." *Id.* The Court noted that Congress has legislated extensively in the area of electronic surveillance without authorizing damages for a Fourth Amendment

violation in such circumstances, and that there were "'sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong.'" *Id.* at 621-22 (citing *Abbasi*, 135 S. Ct. at 1858). This Court is bound to follow Fourth Circuit precedent. Accordingly, Defendant Bridges' Motion to Dismiss is GRANTED as to Count 1, and Count 1 is DISMISSED WITH PREJUDICE as to Defendant Bridges.

## III.    Electronic Communications Privacy Act Claim (Count 2)

In Count 2, Plaintiffs claim that Defendant Bridges' alleged surveillance was in violation of the Electronic Communications Privacy Act ("ECPA"), 18. U.S.C. §§ 2511 and 2520.  (ECF No. 35 ¶¶ 98-103.)  Under Section 2511, "any person who . . . intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, oral, or electronic communication" violates the ECPA.  18 U.S.C. § 2511(1)(a).  The Seconded Amended Complaint alleges that Defendants Bridges and White worked together with others to conduct illegal surveillance of the Attkissons' electronic devices. (ECF No. 35 ¶ 66.)  The Second Amended Complaint also alleges that Defendant White reported to the Attkissons that he worked directly with Defendant Bridges to conduct the surveillance. (*Id.* ¶ 69) Plaintiffs are pursuing their claim against Defendant Bridges under the ECPA's private right of action, which provides that:

> any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation.

18 U.S.C. § 2520(a).

Defendant Bridges argues that qualified immunity shields him from liability under the ECPA. Qualified immunity protects government officials from civil liability and suit "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When an official asserts the defense of qualified immunity, as Defendant Bridges has done in this case, the plaintiff must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (internal quotations omitted). If Plaintiffs do not establish either of these prongs, their ECPA claim fails, and the official is entitled to qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

In *Attkisson*, the Fourth Circuit held that to the extent Defendants Holder and Donahoe procured any wrongful interception, use, or disclosure of the Attkissons' electronic communications, they did not violate a clearly established right because there is a lack of settled precedent supporting liability for procurers of violations of the ECPA. 925 F.3d at 623. In this case, however, Plaintiffs allege that Defendant Bridges *himself* engaged in conduct that violated the ECPA. Therefore, Plaintiffs have sufficiently alleged that Defendant Bridges, who at the time was a government official working as a Special Agent with the United States Secret Service, illegally accessed and surveilled their electronic devices in violation of the ECPA. Accordingly, at this stage in the proceedings the determination as to a qualified immunity defense must await further discovery in this case. Moreover, Defendant Bridges, who is himself a convicted felon, argues that Plaintiffs have failed to plead facts sufficient to rise to a plausible claim for relief because they rely on information obtained

from Defendant White, who is also a convicted felon. As Judge Motz of this Court has noted: "In a motion to dismiss, the court's role is not to weigh the evidence or assess plaintiff's credibility, but rather to accept plaintiff's assertions as true." *Rohan v. Networks Presentation Llc*, 192 F. Supp. 2d 434, 437 (D. Md. 2002). This Court will not make credibility judgments at this stage in this case. Defendant Bridges Motion to Dismiss is DENIED as to Count 2.

## CONCLUSION

For the reasons stated above, Defendant Bridges Motion to Dismiss (ECF No. 58), construed as a motion pursuant to Rule 12(c), is GRANTED IN PART AND DENIED IN PART. Specifically, the Motion is GRANTED as to Count 1 and DENIED as to Count 2.

A separate Order follows.

Dated: December 27, 2021

_____/s/_____
Richard D. Bennett
United States District Judge

13