UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| SHARYL THOMPSON ATTKISSON,<br><br>     Plaintiff(s),<br><br>v.<br><br>ROSENSTEIN, et al.<br><br>     Defendant(s). | Civil Action No. 1:20-cv-00068-RDB |

## MOTION TO AMEND SCHEDULING ORDER

Plaintiffs, Sharyl Thompson Attkisson, James Howard Attkisson, Sarah Judith Starr Attkisson, without the consent of counsel for Defendant Shaun Bridges, by and through their attorneys, submit this Motion to Amend the Scheduling Order, stating:

1.  The current scheduling order was entered on the 7th day of September, 2022, when the Court granted the parties' joint request to amend the schedule. (Doc. # 87).

2.  The key dates in the operative schedule are as follows:

**DEADLINES**

| | |
|---|---|
| November 12, 2022: | Plaintiff's Rule 26(a)(2) disclosures |
| December 11, 2022: | Defendant's Rule 26(a)(2) disclosures |
| January 4, 2023: | Plaintiff's rebuttal Rule 26(a)(2) disclosures |
| January 31, 2023: | Rule 26(e)(2) supplementation of disclosures and responses |
| February 21, 2023: | Discovery deadline; submission of status report |
| February 28, 2023: | Requests for admission |
| March 12, 2023: | Dispositive pretrial motions deadline |

/s/
_____
Julie R. Rubin
UNITED STATES DISTRICT JUDGE

1

3. Since September 7, 2022, the Plaintiffs and Defendant Bridges have completed fact witness depositions of Cyberpoint International, the company hired by CBS News to conduct a forensic examination of the subject electronic devices. However, remaining key discovery has not occurred for the following reasons:

- Cyberpoint confirmed in depositions that the hard drives it examined were delivered to CBS News upon completion of the examination. CBS News has very recently notified the Plaintiff, in response to a subpoena, that it has now located those hard drives and will be producing them in the next week, subject to a confidentiality order, the form of which is presently being negotiated.

- A subpoena was also served on vendor Gilware Digital Forensics in Madison, WI. Gilware is also in possession of copies of hard drives associated with the electronic devices in question and likewise was served with a subpoena. The subpoena has been outstanding since summer. Gilware was purchased by a third-party in the recent past and is still working on locating and producing the requested evidence.

- Once CBS News completes the production, there are four remaining CBS-related fact witnesses that will need to deposed. These witnesses cannot efficiently be deposed until the production has occurred because key information sought is based on the production items.

- On August 22, 2022, the United States Secret Service ("USSS") notified the parties that the Plaintiffs' "*Touhy*" request was granted as to Defendant Bridges. The Plaintiffs immediately requested Mr. Bridges' deposition, but a date has not yet been provided by Defendant Bridges.

- On October 31, 2022, the Plaintiffs received a letter from the Department of Justice (DOJ) denying the "*Touhy*" request to depose a list of agents and employees of the DOJ, FBI, Inspector General, and U.S. Postal Service (approximately 6 witnesses). The requests date back to June and July of 2022, and the denial is based on the Government's reliance on the *Touhy* requirements. As the Court is aware, until the Agency's final administrative action is taken, parties are without authority to proceed. Given that the witnesses requested were either involved in the actual investigation of the subject electronics; involved in the actual investigation of the alleged illegal surveillance; or possess factual information relevant to the alleged illegal surveillance, the Plaintiff is in the process of filing appropriate motions to litigate the denial of access to the facts and seek court assistance.

4. The Plaintiff has conferred with counsel for Defendant Bridges. Defendant Bridges refused to consent to this motion.

5. Rather than propose another schedule change, the Plaintiffs would request a formal scheduling conference with the Court so all of these issues can be discussed, a timeline for briefing be established, and a schedule that accommodates these needs can be set in place.

6. The Plaintiffs confirm that the requested amendment is not for purposes of delay, but to complete necessary fact discovery as expeditiously as possible considering various scheduling concerns, and that all parties are working diligently to complete discovery as quickly and efficiently as possible.

WHEREFORE Plaintiffs pray this Court vacate the current scheduling order and enter a revised schedule consistent with the parties' proposal.

Respectfully submitted this, 10th day of November, 2022.

/s/ C. TAB TURNER
Tab Turner, Esq. (*Pro Hac Vice*)
**TURNER & ASSOCIATES, P.A**.
4705 Somers Avenue, Suite 100
North Little Rock, Arkansas 72116
501-791-2277 – Office
501-791-1251 – Facsimile
Tab@tturner.com

David A Muncy
Plaxen and Adler PA
10211 Wincopin Circle Ste 620
Columbia, MD 21044
4107307737
4107301615 (fax)
dmuncy@plaxenadler.com

*COUNSEL FOR PLAINTIFFS*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 10, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit a true and correct copy of the same to all parties in this matter.

                                                  /s/ C. Tab Turner
                                                  Tab Turner