IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **SHARYL THOMPSON ATTKISSON,** *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> **SHAUN WESLEY BRIDGES,** *et al.*, <br><br> *Defendants.* | **Civil No. 1:20-cv-00068-JRR** |

## MEMORANDUM AND ORDER

This matter comes before the court on Plaintiffs Sharyl Thompson Attkisson and Sarah Judith Star Attkisson's Motion for Reconsideration (or, to Alter or Amend Judgment) Made Pursuant to Rule 59(e) (the "Motion"), and Defendant Bridges' response thereto.  (ECF Nos. 116, 117.)  The court has reviewed all papers.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2023).

On June 1, 2023, Defendant Shaun Wesley Bridges moved for summary judgment on Plaintiffs' Electronic Communications Privacy Act claim (18 U.S.C. §§ 2511 and 2520; "ECPA") on the basis that Plaintiffs developed no evidence to support their claim against him.  (ECF No. 109.)  On February 6, 2024, the court granted Defendant's motion for summary judgment and entered judgment in favor of Defendant Bridges and against Plaintiffs.  (ECF Nos. 113 and 115.)  On February 15, 2024, Plaintiffs filed the Motion pursuant to Federal Rule of Civil Procedure 59(e).

Rule 59(e) sets forth three grounds on which a motion to alter or amend a judgment is appropriate: "(1) to accommodate an intervening change in controlling law; (2) to account for new

evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1083 (4th Cir. 1993).  Plaintiffs argue that several portions of the memorandum opinion at ECF No. 115 "are against the clear evidence and reflect a manifest justice." (ECF No. 116 at 6.)  The court disagrees.

The court has carefully reviewed, once more, the motion for summary judgment at ECF No. 109, including all submissions related thereto, and the memorandum opinion at ECF No. 115. The court is not persuaded to reconsider its entry of summary judgment in Defendant's favor. Plaintiff simply disagrees with the court's conclusions and seeks to relitigate previously litigated issues, which the court declines to do.  *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (noting that a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."); *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (acknowledging that "mere disagreement does not support a Rule 59(e) motion."); *Poole v. Roderick*, No. CV DKC-22-2233, 2023 WL 11055485, at *2 (D. Md. Nov. 22, 2023) (reiterating that "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance.").

In summary, the court discerns no clear error of law on its part; nor does the court agree with Plaintiffs that summary judgment in Defendant's favor (and denial of the Motion) operates a manifest injustice.

It is, therefore, this 15th day of August 2024:

**ORDERED** that Plaintiffs Sharyl Thompson Attkisson and Sarah Judith Star Attkisson's Motion for Reconsideration (or, to Alter or Amend Judgment) Made Pursuant to Rule 59(e) (ECF No. 116) shall be, and is hereby, **DENIED.**

/S/
_____
Julie R. Rubin
United States District Judge